IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| DEBORAH L. KIBBLE,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner, Social Security<br>Administration,<br><br>Defendant. | CV-12-24-GF-SEH-RKS<br><br>**FINDINGS & RECOMMENDATIONS** |

## I. SYNOPSIS

Ms. Deborah L. Kibble (Ms. Kibble) seeks judicial review of the decision of the Administrative Law Judge (ALJ), denying her application for disability benefits under the Social Security Act. The ALJ's decision is supported by substantial evidence and not based on legal error. Summary judgment should be granted in favor of the Commissioner.

## II. JURISDICTION

Jurisdiction vests under 42 U.S.C. § 405(g). The case was referred to the

undersigned for the submission of proposed findings and recommendations by United States District Judge Sam E. Haddon on May 21, 2012. C.D. 10.

### III. STATUS

Ms. Kibble applied for Disability Insurance Benefits and Supplemental Security Income on September 19, 2008, alleging a disability onset date of March 18, 2004. Tr. at 146-154. Her claims were denied on January 30, 2009. Tr. 89-94. Her claims were denied again after a request for reconsideration in an undated decision. Tr. 101-105. Ms. Kibble timely requested a hearing on January 2, 2009. Tr. 106. The hearing was held May 6, 2010. Tr. 30-84.

The Administrative Law Judge ("ALJ") determined that Ms. Kibble was not disabled in a decision issued August 3, 2010. Tr. 12-23. The Appeals Council denied review on January 27, 2012. Id. at 9-11. Ms. Kibble filed a complaint challenging the Commissioner's decision, in accordance with 42 U.S.C. § 405(g), on March 16, 2012. C.D. 4.

Ms. Kibble moved for summary judgment of this case in her favor. C.D. 14. The Commissioner moved for summary judgment in his favor. C.D. 19. Both motions are now pending and ripe for disposition.

## IV. STANDARDS

**Court's standard of review**

The Court has discretion to affirm, modify, or reverse the ALJ's decision with or without a rehearing. 42 U.S.C. § 405(g). The ALJ's decision may be set aside only where the decision is not supported by substantial evidence or where the decision is based on legal error. Maounis v. Heckler, 738 F.2d 1032, 1034 (9th Cir. 1984) (citing Delgado v. Heckler, 722 F.2d 570, 572 (9th Cir. 1983)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). It means "more than a mere scintilla" of evidence, but "less than a preponderance." Desrosiers v. Sec. of Health and Human Servs., 846 F.2d 573, 576 (9th Cir. 1988). The District Court must consider the record as a whole, weighing both the evidence that supports and detracts from the ALJ's conclusion. Green v. Heckler, 803 F.2d 528, 530 (9th Cir. 1986) (citing Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985)). While the Court may not substitute its findings for those of the ALJ, Palmer v. Celebrezze, 334 F.2d 306, 308 (3rd Cir. 1964), it may reject the findings not supported by the record.

**Disability criteria**

A claimant is disabled for purposes of the Social Security Act if the claimant

proves by a preponderance of the evidence that: (1) the claimant has a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," and (2) the impairment or impairments are of such severity that, considering the claimant's age, education and work experience, the claimant is not only unable to perform previous work, but also cannot "engage in any other kind of substantial gainful work which exists in the national economy." Schneider v. Commr. of Soc. Sec. Admin., 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. §1382(a)(3)(A)-(B)).

In determining whether a claimant is disabled, the ALJ follows a five-step evaluation process. Corrao v. Shalala, 20 F.3d 943, 946 (9th Cir. 1994) (citing 42 U.S.C. § 1382C(a)(3)). If the ALJ finds that a claimant is disabled or not disabled at any step in this process, the review process is terminated. Id. At step one, a claimant must show that she is not currently engaged in substantial gainful activity. Id. At step two the claimant must demonstrate that she has a severe impairment. Id. At step three the ALJ must determine whether a claimant's impairment meets or equals the criteria of the Listing of Impairments. Step four provides that if the claimant does not have a listed impairment, then the claimant must establish a prima facie case of disability by showing an inability to engage in past work

because of the medical impairments. Id. If that case is made, at step five the burden shifts to the Commissioner to prove that the claimant can engage in other types of substantial gainful work existing in the national economy given the claimant's age, education, work experience, and residual functional capacity ("RFC"). Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).

## V. FACTS

**ALJ's determination**

At step one, the ALJ determined that Ms. Kibble has not engaged in substantial gainful activity since March 18, 2004. Tr. 14. At step two, the ALJ found that Ms. Kibble has the following "severe" impairments: degenerative disc disease and spondylosis lumbar spine, status post L5-S1 laminotomy; chronic obstructive pulmonary disease and depression.

At step three the ALJ found that Ms. Kibble's impairments did not qualify as a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. At step four, the ALJ found that Ms. Kibble is capable of performing past relevant work, as a housekeeper or cashier, and therefore is not disabled. Tr. 22. Alternatively, the ALJ found at Step 5 that Ms. Kibble has the residual functioning capacity to perform other jobs that exist in significant numbers in the national economy. Tr. 22.

**Plaintiff's contentions**

Ms. Kibble alleges the ALJ erred by:

1. Improperly discounting the opinions of Ms. Kibble's treating and examining physicians;

2. Improperly discounting Ms. Kibble's testimony as to the extent of her limitations based on her daily activities, gaps in treatment, and lack of medical provider restrictions;

3. Relying on a hypothetical presented to the vocational consultant that did not include all of Ms. Kibble's limitations.

CD 15, pp. 13-14.

## VI. ANALYSIS

**I. The ALJ properly considered medical opinions in the record and appropriately resolved conflicting opinions.**

The ALJ must consider all medical opinions in the record. 20 C.F.R. § 404.1527. The opinions of treating sources are generally favored over non-treating sources. Id. Examining source's opinions are generally favored over non-examining sources. Id.

If a treating or examining source's opinion is not contradicted by another acceptable medical source, the ALJ must provide clear and convincing reasons to reject the opinion. Carmickle v. Commissioner of Social Security, 533 F.3d 1155, 1164 (9th Cir. 2008). If a treating or examining source's opinion is contradicted, the

ALJ may reject the opinion with specific and legitimate reasons supported by substantial evidence. Id.

Ms. Kibble contends the ALJ disregarded the opinions of her treating physician, Dr. Julie Wood, and examining physicians Dr. Richard Hurd, Dr. Betsy Rushworth and Dr. John VanGilder . CD 15, p. 16. To the extent any of those doctors opined that Ms. Kibble is unable to work, those opinions are contradicted by an acceptable medical source, Dr. Tim Schofield. Tr. 421. Therefore the ALJ must have set forth specific and legitimate reasons to reject the opinions. Carmickle, 533 F.3d at 1164.

**Drs. Rushworth and VanGilder**

Ms. Kibble's arguments that the ALJ ignored or rejected the opinions of Dr. Rushworth and Dr. VanGilder are unpersuasive. Ms. Kibble asserts that Dr. Rushworth "noted Deborah had difficulty with concentration." CD 15, p. 19 (citing Tr. 388). But Dr. Rushworth only noted that Ms. Kibble *reported* having trouble with concentration. Tr. 385. In fact, Dr. Rushworth stated that Ms. Kibble's "[c]oncentration abilities also seemed to be intact." Tr. 387. Dr. Rushworth specifically stated that Ms. Kibble's psychological issues "are not thought to be major interferences with respect to preventing her from returning to the workplace." Tr. 388. Dr. VanGilder stated that Ms. Kibble would benefit from surgery, but she

is not a candidate because she smokes cigarettes.  Tr. 336.  The ALJ noted as much.  Tr. 19.  Nothing in the ALJ's findings is inconsistent with either doctor's opinions.

**Dr. Hurd**

Dr. Hurd opined in 2007 that Ms. Kibble was able to work at least in a sedentary position.  Tr. 332.  In 2008, Dr. Hurd stated that Ms. Kibble "would probably have a difficult time working in the combination of sitting, standing and walking 6 hours out of 8-hour day in a 40-hour week, although she really did not have any positive physical exam findings today."  Tr. 381.  Ms. Kibble argues that the ALJ improperly rejected Dr. Hurd's latter opinion.  CD 15, p. 20.  Ms. Kibble argues that the ALJ erred in finding that the opinion was not supported by objective medical findings.  Id.  Ms. Kibble argues that the opinion was supported by objective evidence – Ms. Kibble's lack of Achilles tendon reflexes.  Id.

The ALJ stated that he gave minimal weight to Dr. Hurd's 2008 opinion because it was inconsistent with Dr. Hurd's physical examination findings and unsupported by objective evidence.  Tr. 20.  The ALJ did not improperly determine that Dr. Hurd lacked objective evidence.  Dr. Hurd himself reported that his opinion was not supported by physical exam findings and that her past medical history was "noncontributory." Tr. 381, 377.  See Matney on Behalf of Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992) (ALJ need not accept an opinion of a physician if it

is not a candidate because she smokes cigarettes.  Tr. 336.  The ALJ noted as much.  Tr. 19.  Nothing in the ALJ's findings is inconsistent with either doctor's opinions.

**Dr. Hurd**

Dr. Hurd opined in 2007 that Ms. Kibble was able to work at least in a sedentary position.  Tr. 332.  In 2008, Dr. Hurd stated that Ms. Kibble "would probably have a difficult time working in the combination of sitting, standing and walking 6 hours out of 8-hour day in a 40-hour week, although she really did not have any positive physical exam findings today."  Tr. 381.  Ms. Kibble argues that the ALJ improperly rejected Dr. Hurd's latter opinion.  CD 15, p. 20.  Ms. Kibble argues that the ALJ erred in finding that the opinion was not supported by objective medical findings.  Id.  Ms. Kibble argues that the opinion was supported by objective evidence – Ms. Kibble's lack of Achilles tendon reflexes.  Id.

The ALJ stated that he gave minimal weight to Dr. Hurd's 2008 opinion because it was inconsistent with Dr. Hurd's physical examination findings and unsupported by objective evidence.  Tr. 20.  The ALJ did not improperly determine that Dr. Hurd lacked objective evidence.  Dr. Hurd himself reported that his opinion was not supported by physical exam findings and that her past medical history was "noncontributory." Tr. 381, 377.  See Matney on Behalf of Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992) (ALJ need not accept an opinion of a physician if it

is unsupported by clinical findings). Dr. Hurd's report makes passing reference to Ms. Kibble lacking Achilles tendon reflexes. Tr. 380. It is impossible to infer from Dr. Hurd's report that the lack of Achilles tendon reflex prohibits Ms. Kibble from working.

**Dr. Wood**

Ms. Kibble claims the ALJ ignored Dr. Wood's opinion that Ms. Kibble should not take a housekeeping job. CD 15, p. 23 (citing Tr. 360). Ms. Kibble is correct that Dr. Wood implicitly opined that Ms. Kibble is unable to work as a housekeeper. Tr. 360 ("it would be a mistake to go back to LaQuinta with her back."). It appears the ALJ rejected that opinion as inconsistent with the medical record. Tr. 21. While the ALJ did not adequately state reasons to disregard Dr. Wood's opinion regarding Ms. Kibble's ability to perform past relevant work, the error is harmless. The ALJ made the alternative finding that Ms. Kibble has the residual functional capacity to perform sedentary work, which is adequate ground to deny benefits. Tr. 22. Dr. Wood did not opine that Ms. Kibble could not perform sedentary work.

Ms. Kibble also argues that the ALJ ignored Dr. Wood's statement that Ms. Kibble was "clearly not doing well." CD 15, p. 23 (citing Tr. 444). That statement was not in the evidence before the ALJ. It was made in progress notes from a

January 2011 examination – five months after the ALJ's decision. Tr. 23, 443-444.

That statement and other additional evidence was, however, before the Appeals Counsel. Tr. 5 (submitting 2010-2011 medical records from Great Falls Clinic, Community Health Center, and Benefis Health Systems to Social Security Administration Appeals Council). The Appeals Council stated that it considered the additional evidence, but denied review. Tr. 1-2.

Where the Appeals Council considered additional material but denied review, the additional material becomes part of the Administrative Record for purposes of the Court's analysis. See Harman v. Apfel, 211 F.3d 1172, 1179–80 (9th Cir. 2000). Here, the additional evidence consisted of the additional report from Dr. Wood and records from emergency room visits Ms. Kibble made in May 2011 and August 2011. Tr. 442-463. The first ER visit was prompted by chest pain, which doctors attributed to gastroesophageal reflux disease. Tr. 447. The second was prompted by a sore throat, sinus pain and fever. Tr. 461. Ms. Kibble was prescribed antibiotics, instructed that she could return to work in two days, and discharged. Tr. 462. Because both ER visits were unrelated to Ms. Kibble's impairments, they do not support her claim of disability.

Dr. Wood's additional records are more significant. Her statement that Ms. Kibble was "clearly not doing well" is compelling. However, it cannot be

considered in isolation. Green v. Heckler, 803 F.2d 528, 530 (9th Cir. 1986)(district court must review record as a whole, weighing both supporting and detracting evidence). Dr. Wood went on to say in the same report: "Having said that, since I last saw her I do not think anything has really changed." Tr. 444. Dr. Wood noted that she had last seen Ms. Kibble several years earlier. Tr. 444. The report also appears to be based on Ms. Kibble's subjective complaints rather than any objective criteria. Tr. 444. Thus, Dr. Wood's additional records do not indicate that Ms. Kibble's condition was worsening, and do not provide additional evidence of impairment.

## II. The ALJ considered Ms. Kibble's testimony and set forth adequate reasons to reject aspects of it.

The ALJ must consider a claimant's subjective complaints. 20 C.F.R. § 404.1529. Ms. Kibble reported that she is in pain all the time, and she cannot sit for more than 30 minutes at a time. Tr. 197. She testified that she "can't concentrate on anything" and has debilitating depression five to six days out of the month. Tr. 66. She testified that she has constant back and leg pain, and cannot walk more than a block before the pain becomes unbearable. Tr. 47. She testified that she cannot stand up for more than 30 to 45 minutes because of pain. Tr. 49.

The ALJ found Ms. Kibble's testimony as to the extent of her symptoms was not credible because:

- Ms. Kibble's daily activities exceeded what would be expected of someone with the symptoms Ms. Kibble described;

- There were significant gaps in Ms. Kibble's treatment history;

- No doctor imposed restrictions on Ms. Kibble;

- The objective medical evidence did not show impairments as serious as those Ms. Kibble claimed; for example, Dr. Wood described Ms. Kibble's MRI results as "not that impressive";

- An examining physician observed that Ms. Kibble exhibited "pain behaviors" in three examinations, which apparently refers to feigned or exaggerated displays of pain[1];

- Ms. Kibble continues to smoke cigarettes, though smoking is the only thing that prevents her from getting surgery to alleviate her back pain.

Tr. 21.

Ms. Kibble asserts that the ALJ improperly discounted her testimony based on her daily activities, gaps in her treatment, and the fact that no medical provider imposed restrictions on her. CD 15, p. 11. Ms. Kibble argues that her minimal daily activities (reading, puzzles, computer use, caring for her dog, planting flowers in the spring, and basic activities of daily living) are not inconsistent with her claimed symptoms. CD 15, p. 25. She argues that gaps in her treatment history are attributable to her inability to afford treatment. CD 15, p. 21. Finally, Ms. Kibble argues that the Dr. Wood implicitly imposed restrictions – stating that she would

---

[1] See Defendant's Statement of Undisputed Facts n. 6, p. 5 (CD 21) (citing *Wallace v. Astrue*, 2012 WL 112615, at *3 (E.D. Cal. 2012).

not sign off on Ms. Kibble working as a housekeeper due to Ms. Kibble's back pain. CD 15, p. 12.

Ms. Kibble's arguments have merit on each point addressed. However, she does not address the three remaining reasons the ALJ gave for discrediting her testimony. Those reasons support the ALJ's credibility determinations, as set forth below.

**Lack of objective medical evidence**

First, Ms. Kibble lacks objective medical evidence that her symptoms are as severe as she claims. An MRI in 2007 did not indicate severe problems. Tr. 324. A 2008 scan found only mild degenerative disc changes. Tr. 383. Dr. Wood called the MRI results unimpressive. Tr. 369. Dr. Hurd, who examined Ms. Kibble three times, found no positive physical signs of disability. Tr. 381. Overall, Ms. Kibble's testimony is inconsistent with the objective medical evidence. While a Social Security claimant's testimony cannot be rejected solely because the objective medical evidence does not support the severity of her impairment, the ALJ may consider a lack of objective medical support as part of the credibility determination. Thomas v. Barnhart, 278 F.3d 947, 960 (9th Cir. 2002).

**Pain behaviors**

Secondly, the ALJ stated that Ms. Kibble's "pain behaviors" – including

moaning, bracing to light touch, and using less than maximum effort – during her three separate exams with Dr. Hurd undermined her credibility. Tr. 21. "Amplification of symptoms can constitute substantial evidence supporting the rejection of a subjective complaint of severity of symptoms." Lambert v. Astrue, 2010 WL 1339050, *15 (E.D. Cal. 2010) (citing Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir.1993).

The ALJ somewhat overstates Dr. Hurd's report of pain behaviors. In the first exam report, Dr. Hurd stated that Ms. Kibble exhibited some pain behaviors but "they were not predominant throughout the exam," and he considered Ms. Kibble to have "fair credibility." Tr. 319. In the second exam report, Dr. Hurd stated that Ms. Kibble did not exhibit any pain behaviors, and was a credible examinee. Tr. 329. In the third report, Dr. Hurd stated that Ms. Kibble used an occasional pain behavior and her credibility was "fair." Tr. 381. Thus, this reason is specific and supported by substantial evidence, but carries little weight because the reported pain behaviors were intermittent.

**Smoking**

Finally, Ms. Kibble's continued smoking undermines her credibility. Dr. VanGilder stated in 2007 that back surgery may alleviate her pain, but that she is not a candidate for back surgery because she smokes cigarettes. Tr. 336. But Ms.

Kibble was still smoking half a pack of cigarettes per day at least until January 2011. Tr. 444. Her refusal to quit, if for no other reason than to become a candidate for the surgery that could alleviate her pain, belies her testimony as to the severity of her symptoms. See Fair v. Bowen, 885 F.2d 587, 603 (9th Cir.1989) (an ALJ may rely on failure to follow a prescribed course of treatment); Bybee v. Astrue, 2011 WL 6703568, *8 (E.D. Cal. 2011)("Smoking despite medical advice to quit is relevant to credibility analysis.").

In sum, the ALJ considered Ms. Kibble's testimony. He found her testimony regarding the extent of her symptoms non-credible. This finding must be explained by specific reasons, which are supported by substantial evidence. See Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991)(en banc). At least some of the reasons set forth by the ALJ in this case satisfy that standard. The ALJ did not err in his credibility determination.

### III. The ALJ relied on a hypothetical that included all of Ms. Kibble's credible limitations.

Ms. Kibble contends that the ALJ relied on an opinion from the vocational expert that did not consider all of Ms. Kibble's limitations. CD 15, p. 31. Ms. Kibble argues that the ALJ should have relied on a hypothetical in which an employee was required to take extended breaks each day and/or miss more than two work days per month. Id., citing Tr. 81-81. The record does not reflect that Ms.

Kibble is required to take extended breaks throughout the day or miss more than two days of work per month. As required, the ALJ included those limitations supported by substantial evidence. Robbins v. Social Security Administration, 466 F.3d 880, 886 (9th Cir. 2006).

## VII. CONCLUSION

The ALJ was presented with conflicting evidence regarding Ms. Kibble's disability status. It was the ALJ's job to consider all the evidence, resolve the conflicts, and make a finding. Although the evidence might support other conclusions, substantial evidence also supports the ALJ's finding that Ms. Kibble has ability to perform her past relevant work as a cashier or housekeeper, or at least has the residual functional capacity to perform other work in positions such as teacher's aid, hostess, office helper or rental clerk.

For the foregoing reasons, **IT IS HEREBY RECOMMENDED:**

1. Plaintiff's Motion for Summary Judgment, CD 14, be DENIED.

2. The Commissioner's Motion for Summary Judgment, CD 19, be GRANTED.

3. This matter be DISMISSED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written

objections to this Findings and Recommendations within fourteen (14) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 4th day of February, 2013.

Keith Strong
United States Magistrate Judge